# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 10-cr-00220-DME

UNITED STATES OF AMERICA,

   Plaintiff,

v.

5. FRANCISCO VALENCIA-ARIAS, also known as "KIKI,"

   Defendant.

---

## ORDER VACATING TRIAL DATE AND GRANTING ENDS-OF-JUSTICE CONTINUANCE

---

  This matter comes before the Court, following a hearing, on Defendant Francisco Valencia-Arias (5)'s uncontested motion to continue the trial date, currently set for August 8, 2011, and for a 180-day ends-of-justice continuance.  (Doc. 584.)  The Court GRANTS the motion to continue the trial and GRANTS in part the ends-of-justice continuance, excluding an additional sixty days from the Speedy Trial Act calculations.

  The Court previously granted Valencia-Arias a 120-day ends-of-justice continuance.  (Doc. 426.)  For the following reasons, the Court now finds that the ends of justice served by granting an additional sixty-day continuance outweigh the best interests of the public and the defendant in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(A).  The parties represent to the Court that there may be twenty or more witnesses that defense counsel will have to investigate, and these witnesses are located both in and out of

Colorado, and some may be located outside the United States.  There is voluminous discovery, including at least 5,000 pages of documents and numerous recorded conversations captured during a thirty-day wiretap.  Some of the discovery and the recorded conversations must be translated from Spanish to English, and vice versa.  In addition, defense counsel and Valencia-Arias require a translator to communicate, making their consultation and trial preparation more difficult and dependent on the presence of an interpreter.

The Court further notes that it has previously determined that this case is complex, based upon the number of defendants (13) and the number of offenses charged in the indictment (51), the remote location of some of the charged conduct and the potential witnesses to that conduct, and the voluminous discovery, mentioned above.  (Doc. 101.) See 18 U.S.C. § 3161(h)(7)(B)(ii).  The Court concludes that, even though most of Valencia-Arias' co-defendants have now pled guilty and are apparently cooperating with the Government, the case remains complex, in light of the temporal and geographic breadth of the conduct charged and the number of witnesses that must still be investigated.  Further, more extensive trial preparation may be necessary because many of Valencia-Arias' co-defendants may testify against him pursuant to plea agreements with the Government.

The Court also notes that current defense counsel was appointed June 29, 2011. (Doc. 577.)  In light of that and the circumstances noted above, not to continue the August 8 trial would likely result in a miscarriage of justice and would deny the defense a

reasonable time to prepare, taking into account the exercise of due diligence. See 18

U.S.C. § 3161(h)(7)(B)(iv).  Moreover, the Court concludes this case remains complex,

such that it is unreasonable to expect adequate preparation for trial within the seventy-day

time period ordinarily required under the Speedy Trial Act. See id. § 3161(h)(7)(B)(ii).

For these reasons, the Court GRANTS Valencia-Arias' motion to continue trial

and for an ends-of-justice continuance.  But the Court deems the requested 180-day

continuance to be unnecessarily excessive.  The Court roughly calculates that, if the

seventy-day time period under the Speedy Trial Act for the Government to try Valencia-

Arias has begun to run in his case, see id. § 3161(c)(1), a matter the Court does not

decide, then there are now approximately sixty days left of that seventy-day period.  If

the parties' Speedy Trial Act calculation differs from the Court's by more than five days,

the parties shall advise the Court within a week of the date of this order.

Based upon the Court's estimates of the time remaining under the Speedy Trial

Act, should it apply, the Court grants an ends-of-justice continuance and excludes an

additional sixty days from the Speedy Trial Act calculations.

In light of that, this matter is set for a nine-day trial to begin on October 24, 2011,

at 8:00 a.m.  The Court acknowledges defense counsel's need to appear before another

judge in the District of Colorado on October 31, 2011, at 11:00 a.m. for a sentencing; this

Court will make accommodations in the trial schedule to allow defense counsel to make

that appearance.

The parties shall contact the Court's chambers to schedule a final trial preparation conference and will comply with the pretrial obligations set forth in the Court's trial procedures found on the district court website.  Those obligations include submitting to the Court, via email, a list of witnesses, exhibits, and proposed jury instructions by 3:00 p.m. two days prior to the final trial preparation conference.  The Court notes that the deadline for filing pretrial motions has already passed.

Dated this ___25th___ day of _____July___, 2011.

BY THE COURT:

*s/ David M. Ebel*
_____
U. S. CIRCUIT COURT JUDGE